**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LOWELL D. SHACKELFORD,
   Appellant,

   v.

DEPARTMENT OF THE ARMY,
   Agency.

DOCKET NUMBER
AT-315H-14-0714-I-1

DATE: February 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Jason C. Odom, Anniston, Alabama, for the appellant.

Chester Harkins Long Hutchinson, Fort Knox, Kentucky, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On December 16, 2013, the agency appointed the appellant under a Veterans Recruitment Appointment (VRA) to the position of Recruiting Operations Officer at Jacksonville State University, an excepted appointment to a position otherwise in the competitive service, subject to the satisfactory completion of a 2-year trial period. Initial Appeal File (IAF), Tab 6 at 8-9; *see* 5 C.F.R. § 307.103. On February 28, 2014, the appellant's supervisor conducted a counseling meeting to address issues with the appellant's performance, including failure to complete assigned tasks. IAF, Tab 6 at 19-20. The agency subsequently terminated the appellant less than 1 year into his trial period on May 6, 2014. *Id*. at 12-14, 17. The appellant filed an appeal of his termination with the Board, alleging that the agency action was taken in retaliation for his filing an equal employment opportunity complaint and for his U.S. Army Reserve service in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). IAF, Tab 1 at 1-2, 10-12. The administrative judge docketed the termination as the present appeal, IAF,

Tab 2, and the alleged USERRA violation as a separate appeal, MSPB Docket No. AT-4324-14-0777-I-1.

¶3    The administrative judge notified the appellant that the Board may lack jurisdiction over his termination and informed him how to establish that he had appeal rights under 5 U.S.C. chapter 75 or regulatory appeal rights as a VRA appointee as set forth at 5 C.F.R. §§ 307.105, 315.806.  IAF, Tab 3.  The administrative judge ordered the appellant to file evidence and argument that the Board has jurisdiction over the agency's action against him.  *Id*. at 4.  The appellant responded that he should not be considered a "probationary employee" because he had previously worked in Army recruiting at the university through government contractors.  IAF, Tab 4 at 2-3.  Alternatively, the appellant argued that the Board has jurisdiction to hear his appeal under 5 C.F.R. § 315.806(c) because the performance counseling memorandum mentioned employment matters that occurred prior to his appointment and the agency failed to follow the procedures required under 5 C.F.R. § 315.805.  *Id*. at 3.  The agency filed a motion to dismiss the appeal, arguing that the appellant had not made a nonfrivolous allegation of jurisdiction.  IAF, Tab 6 at 4.

¶4    At the beginning of the hearing in the present appeal, the appellant withdrew his argument that his prior position as a contractor exempted him from serving a trial period, and he acknowledged that he was terminated during his trial period.  *See* IAF, Tab 14 (Hearing CD).  In the initial decision, the administrative judge granted the agency's motion and dismissed the appeal for lack of jurisdiction.  IAF, Tab 16, Initial Decision (ID) at 4.  The administrative judge found that the appellant does not meet the definition of employee under 5 U.S.C. § 7511 and thus is not an individual with Board appeal rights under 5 U.S.C. chapter 75.  ID at 4-5.  The administrative judge also found that the appellant was not terminated on the basis of partisan politics or marital status, or for pre-appointment reasons within the meaning of 5 C.F.R. § 315.805,

and thus he failed to establish jurisdiction under 5 C.F.R. §§ 307.105, 315.806. ID at 6-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5       On review, the appellant makes no allegation of error in the administrative judge's analysis and findings regarding the Board's lack of jurisdiction over his termination appeal. The appellant submitted one petition for review of the separate initial decisions in his termination appeal and USERRA appeal. *See* Petition for Review (PFR) File, Tab 1. The petition for review does not address the jurisdictional issue in the termination appeal, but rather makes arguments solely regarding his USERRA violation allegations and the administrative judge's initial decision in that appeal. *Id*. at 2-4.

¶6       The administrative judge correctly found that the appellant failed to show that the Board has jurisdiction over the present appeal. The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proof of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfied one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). *See* 5 U.S.C. § 7513(d). The administrative judge reviewed the appellant's employment under 5 U.S.C. §§ 7511(a)(1)(B)-(C) and properly found that the appellant did not meet the definition of "employee" under either subsection because he had approximately 6 months of federal civilian service when he was terminated during his trial period. ID at 5. An individual serving under a VRA whose employment is terminated within 1 year after the date of his appointment has the same appeal rights as a career or career-conditional employee has during the first year of employment. *See* 5 C.F.R. § 307.105. Consequently, the appellant could bring

an appeal of his termination in limited circumstances set forth at 5 C.F.R. § 315.806. *Id*. The Board has jurisdiction over termination appeals under 5 C.F.R. § 315.806 in situations in which the agency's action was improperly based on partisan political reasons or marital status, or taken on improper procedures when the employee was terminated for reasons based in whole or in part on conditions arising before his appointment. The administrative judge found that the appellant made no allegation that his termination was based on partisan political reasons or marital status, and the appellant has made no such argument on review. ID at 6; *see* PFR File, Tab 1 at 2-4.

¶7        On review, the appellant does not contest the administrative judge's finding that he was not removed for pre-appointment reasons and thus had no Board appeal rights under 5 C.F.R. § 315.806 on the ground that his termination was not effected in accordance with the procedural requirements of 5 C.F.R. § 315.805. *See* ID at 6-9; PFR File, Tab 1 at 2-4. The administrative judge considered the appellant's arguments concerning performance documents written by his supervisor reflecting pre-appointment incidents, but found that the record did not support such a finding. ID at 7. We see no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The administrative judge also thoroughly discussed the hearing testimony of the appellant's supervisor and found it compatible with the written record. *See* ID at 7-8; *see also Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observation of

the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Thus, we find no cause for overturning the administrative judge's conclusion that the record evidence does not support the appellant's allegation that the agency considered his performance as a private contractor prior to his conversion to federal employment in deciding to terminate him and that the appellant failed to establish Board jurisdiction by a preponderance of the evidence. *See* ID at 9.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.